IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | | |
|---|---|---|
| EDUARDO BOWMAN, | ) | |
| | ) | No. 2:05-cr-00218-DCN-1 |
| Petitioner, | ) | No. 2:12-cv-02249-DCN |
| | ) | |
| vs. | ) | |
| | ) | **ORDER** |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

This matter is before the court on petitioner Eduardo Bowman's motion to vacate, set aside, or correct his federal sentence pursuant to 28 U.S.C. § 2255. The government filed a motion to dismiss or, in the alternative, for summary judgment. For the reasons set forth below, the court denies Bowman's § 2255 petition and grants the government's motion for summary judgment.

## I. BACKGROUND

On August 12, 2005, petitioner pled guilty to conspiring to possess and distribute five kilograms or more of cocaine in violation of 21 U.S.C. § 841. On October 12, 2005, the court sentenced petitioner to 240 months imprisonment. Judgment was entered on October 20, 2005.

In calculating petitioner's guideline sentencing range, the court relied on the Presentence Report's (PSR) finding that Bowman's criminal history characterized him as a Career Offender, resulting in a criminal history category of VI. Bowman had two prior convictions for Possession of Cocaine with Intent to Distribute from Brunswick, Georgia that served as predicate offenses towards his designation as a Career Offender. Petitioner did not object to the PSR or appeal his sentence.

1

On February 9, 2012, petitioner filed a motion under 28 U.S.C. § 2241 in the United States District Court for the Eastern District of North Carolina. The court issued an order on April 30, 2012 informing Bowman of its intent to recharacterize his motion as one under 28 U.S.C. § 2255. With consent of petitioner, the court entered an order on August 6, 2012 recharacterizing the petition as one under § 2255 and transferring the petition to the District of South Carolina. This court docketed Bowman's petition on August 6, 2012. On September 13, 2012, the government filed a motion to dismiss or, in the alternative, for summary judgment. Petitioner filed a response on October 12, 2012.

## II. STANDARDS

Petitioner appears pro se in this case. Federal district courts are charged with liberally construing petitions filed by pro se litigants to allow the development of a potentially meritorious case. See Hughes v. Rowe, 449 U.S. 5, 9-10 (1980). Pro se petitions are therefore held to a less stringent standard than those drafted by attorneys. See Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978).

Petitioner proceeds under 28 U.S.C. § 2255, which provides in relevant part:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

28 U.S.C. § 2255(a).

The government has filed a motion for summary judgment. Summary judgment shall be granted if the movant shows there is no genuine issue of material fact and that it is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). "Only disputes over

facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). "[S]ummary judgment will not lie if the dispute about a material fact is 'genuine,' that is, if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Id. At the summary judgment stage, the court must view the evidence in the light most favorable to the non-moving party and draw all justifiable inferences in its favor. Id. at 255.

### III. DISCUSSION

In his petition, Bowman argues his "[p]redicate convictions must be removed for sentencing purposes for criminal history calculation per [a] Supreme Court d[e]cision." Pet'r's Pet. 4. Specifically, Bowman challenges his Career Offender designation through reliance on Carachuri-Rosendo v. Holder, 130 S. Ct. 2577 (2010) and United States v. Simmons, 649 F.3d 237 (4th Cir. 2011) (en banc).[1] The government argues that Bowman's petition is time-barred.

**A. Timeliness**

First, the government contends Bowman's § 2255 petition is untimely because it was filed on February 9, 2012, over six years after the one-year statute of limitations expired.

The Antiterrorism and Effective Death Penalty Act provides a one-year limitations period for filing a § 2255 petition. The limitations period runs from the latest of:

---

[1] In Simmons, the Fourth Circuit interpreted and applied Carachuri–Rosendo and held that hypothetical aggravating factors cannot be considered when calculating a defendant's maximum punishment for purposes of a prior conviction used to enhance a federal sentence.

> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

Here, petitioner's judgment of conviction became final in 2005. Petitioner concedes he did not file the petition within one year of the date on which his conviction became final under § 2255(f)(1). Instead, he argues the petition is timely under either subsection (3) or (4) of § 2255(f). Pet'r's Resp. Opp'n Resp't's Mot. Summ. J. 3.

Bowman relies entirely on a change in the law to support the timeliness of his petition. As such, the petition would only be timely under § 2255(f)(3).[2]

The Fourth Circuit has held that the Supreme Court's decision in Carachuri-Rosendo does not apply retroactively and, therefore, a § 2255 petitioner cannot rely on that case to trigger the one-year limitations period under § 2255(f)(3). United States v.

---

[2] Simmons involved prior convictions under North Carolina law. Some courts have held that in cases similarly involving prior convictions under North Carolina law, the recent holding in Simmons may be relied upon as a "fact[] supporting the claim" that triggers the running of the statute of limitations under § 2255(f)(4). See Yarborough v. United States, No. 11-568, 2012 WL 1605579, at *2 (E.D.N.C. May 8, 2012). Here, petitioner does not assert that a prior North Carolina conviction was relied upon for the Career Offender designation. Rather, Bowman challenges the applicability of prior Georgia convictions to his Career Offender designation. As such, § 2255(f)(4) is inapplicable. See Isaa v. United States, No. 12-2441, 2013 WL 1833261, at *2 (D. Md. Apr. 30, 2013) ("Issa, however, does not assert that a prior North Carolina conviction was relied upon for sentencing enhancement in his case. Thus, the *Simmons* decision does not apply to excuse the untimeliness of [his motion].").

Powell, 691 F.3d 554, 560 (4th Cir. 2012) (holding that Carachuri-Rosendo announced a procedural rule that is "not retroactively applicable to cases on collateral review").[3] Courts in this Circuit have additionally held that Simmons, which was not a Supreme Court case, did not announce a newly-recognized right under § 2255(f)(3). United States v. Melvin, No. 12-7489, 2013 WL 264959, at *1 (4th Cir. Jan. 24, 2013) (unpublished) (noting that Carachuri-Rosendo and Simmons "do not apply retroactively to cases on collateral review"); Parker v. United States, No. 12-2486, 2013 WL 119734, at *1 (D. Md. Jan. 8, 2013) ("The holding in Simmons is not a new right recognized by the Supreme Court under 28 U.S.C. § 2255(f)(3).").

Because Bowman's petition was filed outside of the one-year limitations period, the petition is time-barred.[4]

**B. Plea Agreement Waiver**

Even if the petition were timely, the arguments raised in Bowman's petition have been waived. Paragraph 10 of the Plea Agreement contains the following language:

> The Defendant is aware that 18 U.S.C. § 3742 and 28 U.S.C. § 2255 afford every defendant certain rights to contest a conviction and/or sentence. Acknowledging those rights, the Defendant in exchange for the concessions made by the United States in this Plea Agreement, waives the right to contest either the conviction or the sentence in any direct appeal or other post-conviction action, including any proceedings under 28 U.S.C. § 2255. This waiver does not apply to claims of ineffective assistance of counsel or prosecutorial misconduct.

Plea Agreement ¶ 10, ECF No. 99-1.

---

[3] Further, petitioner did not file his § 2255 petition within one year of June 14, 2010, date the Supreme Court issued its decision in Carachuri-Rosendo.

[4] Bowman makes no argument in support of the application of equitable tolling in this case.

5

Petitioner's motion does not assert either ineffective assistance of counsel or prosecutorial misconduct, nor does it fall outside of the scope of the waiver contained in the Plea Agreement. Accordingly, petitioner's motion is barred. See United States v. Green, No. 11-513, 2013 WL 139501, at *1-2 (D.S.C. Jan. 10, 2013) (finding petitioner's claims under Carachuri-Rosendo and Simmons barred in light of nearly identical waiver in plea agreement).

### IV. CONCLUSION

For the foregoing reasons, it is hereby **ORDERED** that petitioner's motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 is **DENIED** and the government's motion for summary judgment is **GRANTED**.

**IT IS FURTHER ORDERED** that a certificate of appealability is **DENIED** because petitioner has failed to make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

**AND IT IS SO ORDERED**.

_____
**DAVID C. NORTON**
**UNITED STATES DISTRICT JUDGE**

**May 8, 2013**
**Charleston, South Carolina**